UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY BLISS,

    *Plaintiff*,

v.

    Case No. 20-13404
    District Judge Victoria A. Roberts

COMMISSIONER OF SOCIAL
SECURITY,

    *Defendant*.
_____/

**ORDER: (1) OVERRULING DEFENDANT'S OBJECTIONS [ECF NO. 20]; (2) ADOPTING REPORT AND RECOMMENDATION [ECF No. 18]; (3) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [16]; AND (4) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

### I.   Introduction

This matter is before the Court on Magistrate Judge Patricia Morris's Report and Recommendation On Cross Motions For Summary Judgment ("R&R") [ECF No. 18]. Judge Morris recommended that Barry Bliss's Motion [ECF No. 16] be **GRANTED**, that the Social Security Commissioner's Motion [ECF No. 17] be **DENIED,** and that the Administrative Law Judge's ("ALJ") decision be **REMANDED** for clarification and to assure that the ALJ applied the correct legal standard when he denied Bliss's application for benefits.

1

For the following reasons, the Court **OVERRULES** Defendant's objection [ECF No. 20] and **ADOPTS** Judge Morris's R & R [ECF No. 18].

## II. Background

Judge Morris sets forth the facts and procedural posture of the case in her R&R and neither party objects to this recitation of the facts. The Court incorporates them by reference and will only discuss the facts pertinent to the Court's review.

Bliss filed an application for a period of disability, Disability Insurance Benefits, and Social Security Income on March 8, 2019, alleging that he became disabled on January 31, 2019. [ECF No. 13, PageID.291, 297].

Among other ailments, Bliss claimed that he was disabled due to a combination of severe mental and physical impairments. [ECF No. 13, PageID.229].

The Commissioner denied his application at the initial level and Bliss requested a hearing before an ALJ. On March 18, 2020, the ALJ determined that Plaintiff was not disabled. [Id. at PageID.71]. Bliss appealed this decision, and the appeal was denied. [Id. at PageID.39]. Bliss then filed a complaint in this Court seeking relief. [ECF No. 1]. Both parties filed motions for summary judgment. [ECF No. 16, 17].

The ALJ conducted the administrative hearing to determine whether Bliss had any mental impairments that qualify as a disability. During the hearing, the ALJ told Bliss, "there's a prior decision from a few years ago in your case, so I'm bound by that unless there's new and material evidence. But I will be making a brand-new decision based on all the evidence which includes the record, which I've reviewed as well as any testimony we take from you or any other witnesses today." [ECF No. 18, PageID.810]. Multiple witnesses were called at the administrative hearing, including Bliss's father and a vocational expert.

The ALJ found that Bliss had the following mental and physical impairments: pervasive developmental disorder; intermittent explosive disorder; learning disability; attention deficit hyperactivity disorder; and borderline intellectual functioning; hypercholesterolemia; vitamin D deficiency; and hypertension. Nonetheless, he determined that they did not meet or equal a medical listing. [ECF No. 13, PageID.57]. The ALJ found that Bliss was not disabled and issued a written opinion that relied heavily on an earlier determination against Bliss based on an earlier onset date:

> On September 14, 2014, Administrative Law Judge Melissa Warner issued a decision finding that the claimant was not disabled. (B1A). Pursuant to Acquiescence Rulings (AR) 98-3(6) and 98-4(6), absent new and material evidence documenting a significant change in the claimant's condition, or a change in the regulatory threshold, the residual functional capacity and certain

3

> other findings established in a prior hearing decision by an Administrative Law Judge must be considered by the present adjudicator, provided that the new claim arises under the same title of the Act. Based on a review of the current evidence, the findings herein are consistent with the current record, while accounting for the findings in the prior decision.

[ECF No. 1, PageID.2].

At issue here is the "must be considered" language used by the ALJ, which may signal his belief that he was bound by conclusions reached by the first ALJ.

The ALJ also concluded that Bliss's Residual Functional Capacity ("RFC") was the same as the RFC adopted by the ALJ in 2014. [ECF No. 13, PageID.61].

Judge Morris found that the ALJ analyzed Bliss's potential mental and physical impairments and RFC using the current record of evidence relevant to the new alleged onset date of January 31, 2019. [ECF No. 18, PageID.832-33]. However, she concluded that his use of the word "must" in relation to the consideration of prior findings indicates that the review of the evidence may not have been a "fresh look," as required by *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018). For these reasons, Judge Morris recommended that the case be remanded so that the ALJ could clarify the legal standard he used, and to assure that he analyzed the evidence under

4

the *Earley* standard with an appreciation for the fact that he was not bound by the prior ALJ findings.

The Court will discuss whether remand is warranted in light of the arguments and case law relied on by the parties.

### III.  Discussion

Bliss challenges the Social Security Commissioner's final decision denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). He contends that the ALJ (1) improperly relied on a previous ALJ's decision denying him benefits. Bliss argues that he "submitted new evidence concerning his impairments during the five-year period after the first ALJ's decision, and that it was legal error for the present ALJ to apply collateral estoppel to certain findings rather than conduct a fresh review of Plaintiff's functional limitations." [ECF No. 18, PageID.829].

Bliss also argues that the ALJ improperly relied on outdated mental impairment listings. [ECF No. 18, PageID.828]. However, the R&R concludes that the ALJ applied the proper mental impairment listings to find that Bliss was not entitled to DBI and SSI. [ECF No. 18, PageID.837]. Bliss did not object to this finding and any objection is now waived. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

## A. Applicable Law and Analysis

District court review of an ALJ's decision is restricted to determining whether the "Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 506 (6th Cir. 2014) (internal quotation marks omitted).

Three cases are pertinent to this Court's analysis of whether the ALJ applied the correct legal standard to Bliss's renewed and successive 2019 application for benefits.

In *Dennard v. Sec'y of HHS*, 907 F.2d 598 (6th Cir. 1990), the Sixth Circuit held that an ALJ was "precluded by estoppel" from reconsidering whether a claimant could perform his past relevant work after another ALJ—deciding an earlier application—determined that the claimant could perform past relevant work. *Id.* at 600. Subsequently, the Social Security Administration promulgated SSAR 98-3(6), which instructed ALJs that they "must adopt" findings from earlier decisions, "unless there is new and material evidence relating" to the prior ALJ's finding. SSAR 98-3(6), 1998 WL 28390, at *3. The ruling applied even where a new application alleged disability during a timeframe that succeeded the earlier application. *See id*.

After *Dennard*, the Sixth Circuit held that where an ALJ makes a final determination concerning a claimant's entitlement to benefits, all the ALJ's findings are binding on the parties in all subsequent applications absent evidence of a "changed condition." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). *Drummond* reasoned that "principles of res judicata" prevent ALJs from challenging earlier findings, absent changed circumstances. *Id*. at 841–42.

However, in *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018), the Sixth Circuit significantly restricted the scope of *Drummond* and *Dennard*. It held that while the *Drummond* Court was correct that "res judicata may apply to administrative proceedings," res judicata only prevented subsequent applications "for the same period of time," that was considered in the prior application. *Id*.

Judge Morris correctly ruled that, under *Earley*, ALJ's are not bound by prior findings when considering periods of disability that succeed the time period adjudicated in the earlier decision. *Id*. ALJ's must "giv[e] a fresh look" to periods of disability that were not addressed in the prior ALJ's decision. *Id*. at 931, 934. However, an ALJ at a later hearing may still consider what an earlier ALJ did. *Id*. at 934.

7

It is clear and undisputed that the ALJ considered the current record of new evidence relevant to Bliss's alleged onset date of January 31, 2019. It is also undisputed that the ALJ considered the previous ALJ's 2014 decision in deciding that Bliss was not disabled.

The Commissioner argues that remand is not warranted because, even if the ALJ did believe he was bound by *Drummond*, the error is harmless. She believes (1) the ALJ's denial did not simply rely on the principles of res judicata, (2) *Earley* does not prevent an ALJ from considering a prior ALJ's findings, and (3) the ALJ gave a fresh look at the "new" evidence under *Earley*.

The Commissioner relies on *Balknight v. Comm'r of Soc. Sec.*, No. 18-11843, 2019 WL 4011881, at *14-15 (E.D. Mich. July 31, 2019), adopted 2019 WL 3997146 (E.D. Mich. Aug. 23, 2019). There, the court held that the ALJ's application of *Drummond* did not warrant remand because the (1) "ALJ sedulously trudged through the relevant record," (2) he provided a "fresh look" and stated that he would have reached the same basic result absent principles of res judicata, and (3) although the ALJ believed that he was bound by the earlier decision, application of *Drummond* benefited the plaintiff. *Id*. at *13-15.

8

The Commissioner also cites *Sandersfield v. Comm'r of Soc. Sec.*, No. 20-10740, 2021 WL 3417923, at *4 (E.D. Mich. Aug. 5, 2021). In that case, the Court reasoned that an ALJ's application of *Drummond* "does not require remanding the case, because application of that stricter standard favored the plaintiff: instead of giving the earlier determination respectful consideration, ALJ Nguyen believed that he needed new evidence to unbind him from ALJ Chess's determination." *Id*. at *4.

These cases are distinguishable. They do not suffer from the same ambiguity as the ALJ decision at issue here, where on one hand the ALJ said he was "bound" by and "must consider" all prior findings, but on the other hand the ALJ said he would make a "brand-new decision based on all the evidence" not addressed in the prior ALJ decision. [ECF No. 18, PageID.810].

The Commissioner says this case is more similar to *Civitarese v. Comm'r of Soc. Sec.*, No. 1:19-cv-2015, 2020 WL 4366077, at *14 (N.D. Ohio July 30, 2020). There the court ruled that remand was not warranted because the record did not show that the ALJ improperly applied *Drummond*. *Id.* The ALJ viewed the prior ALJ decision as persuasive, rather than "binding." *Id*. at *13.

9

However, as Judge Morris correctly concludes, the ALJ statements at the administrative hearing and his use of the word "must" in relation to the consideration of prior findings indicates ambiguity regarding whether the ALJ reviewed the evidence with a "fresh look" as required by *Earley* or whether he applied principles of res judicata using the *Drummond* standard. Further, unlike *Sandersfield* and *Balknight*, there was no indication by the ALJ that application of *Drummond* would benefit Bliss. Finally, it is not clear whether the ALJ would have reached the same result if he did not believe he was "bound" by the prior ALJ decision in the absence of new material evidence.

## IV. Conclusion

It is not clear on this record that the ALJ gave the prior decision the precise treatment that "*Earley* indicated . . . an ALJ should [give] when reviewing a subsequent application alleging a new period of disability." *Civitarese*, 2020 WL 4366077, at *13.

The Court **OVERRULES** Defendant's objection [ECF No. 20] and **ADOPTS** Judge Morris's R & R [ECF No. 18]. The Court **GRANTS** Plaintiff's motion for summary judgment and **DENIES** Defendant's motion for summary judgment. The Court **REMANDS** the decision for clarification and to assure that the ALJ applied the correct legal standard in denying Bliss's application for benefits.

**ORDERED.**

                                                        s/ Victoria A. Roberts
                                                        Victoria A. Roberts
                                                        United States District Judge

Dated: September 12, 2022